IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH JONES, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:11-CV-0591-RWS |
| WASHINGTON MUTUAL : | |
| BANK, et al., : | |
| : | |
| Defendant. : | |
| : | |
| : | |
| : | |

## **ORDER**

This case comes before the court on Plaintiff's Motion for a Temporary Restraining Order [2]. Having considered the Motion, the Court enters the following Order.

Plaintiffs seeks to stay the foreclosure sale of his property located at 305 Wilder Lake Court, Atlanta, Georgia (the "Property"). Plaintiff argues, among other grounds, that the foreclosing parties have not demonstrated that they possess actual title to the Property. It is settled law in this Circuit that a temporary restraining order is an "extraordinary and drastic remedy[.]" Zardui-

Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).  To obtain such relief, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002).  The Court concludes that Plaintiff has failed to make such a showing here, particularly in regards to success on the merits, and a temporary restraining order will not be issued.

Additionally, Federal Rule of Civil Procedure 65(c) states: "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Plaintiff has not alleged that he is current on his mortgage payments, but rather that he attempted to negotiate with Defendants as to payments to no avail.  Plaintiff asserts that he is unable to tender any security, therefore to the extent he is behind on his payments it does not appear he has the ability to pay the amount in arrears.  Plaintiff's Motion for

2

Temporary Restraining Order [2] is **DENIED**.  Plaintiff has also submitted what is styled a Notice of Motion and Motion for an Ex Parte Hearing and Complaint to Estop Defendants Sale of Real Property [3].  That Motion [3] seeks the same relief as Plaintiff's Motion for TRO and is **DENIED**.

**SO ORDERED**, this 3rd day of March, 2011.

_____
**RICHARD W. STORY**
United States District Judge