IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH JONES, | : |
|     Plaintiff, | : |
| v. | :   CIVIL ACTION NO.<br>:   1:11-CV-0591-RWS |
| WASHINGTON MUTUAL ET<br>AL BANK, JPMORGAN BANK,<br>NATIONAL ASSOCIATION, LA<br>SALLE BANK, NATIONAL<br>ASSOCIATION, ET AL. | :<br>:<br>:<br>:<br>: |
|     Defendants. | : |

## **ORDER**

This case comes before the Court on Defendants'[1] Motion to Dismiss [5] Plaintiff's Complaint and Motion to Strike [22] Plaintiff's Amended Complaint. After a review of the record, the Court enters the following Order.

## **Background**

Plaintiff initiated this *pro se* civil action on February 25, 2011, alleging various state and federal law claims arising out of the foreclosure on his

---

[1] The moving Defendants are JP Morgan Chase Bank, N.A., and La Salle Bank, N.A. as trustee for Washington Mutual Mortgage Pass Through Certificates WMALT Series 2007-0A3 Trust.

AO 72A
(Rev.8/82)

mortgage.  Although the Complaint [1] is difficult to decipher, it appears Plaintiff is asserting claims under the Fair Debt Collection Practices Act ("FDCPA") and Truth in Lending Act ("TILA"), as well as for fraud, unjust enrichment, and various alleged violations of his federal constitutional rights. Defendants moved to dismiss the original Complaint on March 21, 2011 on grounds that the Complaint failed to state a claim upon which relief could be granted.  Subsequently, on July 27, 2011—128 days after Defendants' filed their Motion to Dismiss—Plaintiff filed an Amended Complaint [20].  Again, the Amended Complaint is difficult to decipher, but it appears Plaintiff has asserted the same claims raised in the original Complaint, in addition to claims under the National Banking Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and claims for wire fraud.  Defendants moved to strike the Amended Complaint on grounds that Plaintiff failed to obtain leave of court or Defendants' written consent to amend as was required in this case under Federal Rule of Civil Procedure 15(a)(2).  In addition, Defendants moved to strike on grounds that had Plaintiff sought leave of court, leave would have been denied because allowing an amendment would be futile.

**Discussion**

I. <u>**Motion to Strike**</u>

Under Rule 15(a)(1), a party may amend a pleading once as a matter of right within twenty-one days after service of the pleading, or, if the pleading requires a response, within twenty-one days after service of a responsive pleading or motion filed under Rule 12(b), (e), or (f). Otherwise, under Rule 15(a)(2), the party must seek leave of court or the written consent of the opposing parties to amend. As stated in the facts above, Plaintiff filed his Amended Complaint 128 days after Defendants filed their Motion to Dismiss. Therefore, because the twenty-one day period for amending the Complaint as a matter of right had expired, Plaintiff was required to comply with Rule 15(a)(2) before he could amend. Plaintiff, however, did not obtain Defendants' consent to amend or seek leave of court before filing his amendment.

In keeping with the liberal amendment policy of Rule 15(a), "an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend *would have been granted had it been sought . . . .*" <u>Hoover v. Blue Cross & Blue Shield of Ala.</u>, 855 F.2d 1538, 1544 (11th Cir. 1988) (emphasis added). Rule 15 directs the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite an instruction

3

that leave should be given freely when justice so requires, leave to amend is "by no means automatic." Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979).[2]  The trial court has "extensive discretion" in deciding whether to grant leave to amend.  Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir.1999).  A trial court may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays or is futile."  Id.  A claim is futile if it cannot withstand a motion to dismiss.  Fla. Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir.1996); see Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir.1999) (futility is another way of saying "inadequacy as a matter of law"). That is, leave to amend will be denied  "if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim."  Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008).

Despite Plaintiff's failure to comply with Rule 15(a)(2), in an abundance of caution given his *pro se* status, the Court has considered the content of the Amended Complaint.  In addition to reasserting the claims stated in the original Complaint—discussed in Part II, *infra*—Plaintiff's Amended Complaint asserts

---

[2] In Bonner v. City of Prichard, the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit decided before October 1, 1981.  661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

various claims under the National Banking Act, RICO, and claims for wire fraud. Like the original Complaint, discussed below, the Amended Complaint appears to be a quintessential shotgun pleading, making it difficult for the Court to determine which facts, if any, support Plaintiff's claims for relief. Furthermore, even considering the merits of Plaintiff's allegations, it appears Plaintiff has alleged no facts that entitle him to legal relief. As Plaintiff has failed to state a claim upon which relief could be granted, all of the claims in Plaintiff's Amended Complaint would be subject to dismissal. Accordingly, the Court finds that allowing the Amended Complaint would be futile and thus grants Defendants' Motion to Strike.

II.   **Motion to Dismiss**

Turning to Defendants' Motion to Dismiss the original Complaint, the Defendants have moved to dismiss on the grounds that Plaintiff has failed to state a claim upon which relief could be granted. Each paragraph of the original Complaint is either incomprehensible or merely sets forth legal standards or conclusions. Thus, Defendants argue that the Complaint constitutes a shotgun pleading that should be dismissed.

The typical shotgun pleading is one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a

5

situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  The term also refers to pleadings that are "replete with factual allegations that could not possibly be material to any of the causes of action they assert." PVC Windoors, Inc. v. Babbitbay Beach Const., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010) (citation omitted).  Shotgun pleadings make it difficult to discern which allegations of fact correspond to which defendant or claim for relief, Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996), and they require the court to sift through the allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources," PVC Windoors, Inc., 598 F.3d at 806 n.4 (citation omitted).  The Eleventh Circuit has clearly established that shotgun pleadings are an unacceptable form of establishing a claim for relief.  Strategic Income Fund, 305 F.3d at 1296.

    The Court agrees with Defendants that this sixty-three page Complaint is a shotgun pleading that could be dismissed for failing to meet the requirements

6

of Rules 8(a),[3] 9(b),[4] and 10(b)[5] of the Federal Rules of Civil Procedure. Because Plaintiff has not stated which facts, if any, support which claims, Defendants are unable to meaningfully respond to Plaintiff's assertions. In some cases the appropriate response to a plaintiff's shotgun pleading is to allow him to amend the complaint to provide greater specificity. Anderson, 77 F.3d at 366. However, Plaintiff has already filed an Amended Complaint, and as stated *supra*, allowing the amendment would be futile. The Court therefore believes the Complaint could be dismissed solely on the grounds that it is an impermissible shotgun pleading. Nonetheless, in an abundance of caution given Plaintiff's *pro se* status, the Court will consider it on the merits.

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187

---

[3] Rule 8(a) states, "A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."

[4] Rule 9(b) states, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

[5] Rule 10(b) states, "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

7

F.3d 1271, 1273 n.1 (11th Cir. 1999); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove  no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556.  The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Additionally, because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore,

8

be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 Fed. Appx. 635, 637 (11th Cir. 2010).

Looking at the substance of the Complaint, Plaintiff has asserted nothing other than bare legal conclusions and a resuscitation of legal standards and elements of various causes of actions. It appears that Plaintiff has literally copied and pasted text from legal treatises, statutes, and complaints and depositions from unrelated cases. Plaintiff also has incorporated into his Complaint what seems to be part of an appellate brief from another jurisdiction. In short, the Court has not identified any facts specific to Plaintiff and these Defendants that show any plausible claim upon which relief can be granted. Accordingly, Plaintiff's Complaint is hereby **DISMISSED with prejudice**.

## Conclusion

Defendants' Motion to Strike [22] Plaintiff's Amended Complaint [18] is **GRANTED**. Defendants' Motion to Dismiss [5] the original Complaint is **GRANTED**. The Clerk's Office is directed to close the case.

AO 72A
(Rev.8/82)

**SO ORDERED**, this   21st   day of October, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)