**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JOSEPH JONES, :
:
  Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:11-CV-0591-RWS
WASHINGTON MUTUAL ET :
AL BANK, JPMORGAN BANK, :
NATIONAL ASSOCIATION, LA :
SALLE BANK, NATIONAL :
ASSOCIATION, ET AL., :
:
  Defendants. :

## **ORDER**

This case comes before the Court on Plaintiff's Motions for

Reconsideration ([25] and [26].)  After reviewing the record, the Court hereby

**DENIES** the motions for the reasons that follow.

On November 22, 2011 (and again on November 25, 2011), Plaintiff filed

a motion for reconsideration, purportedly moving the Court to reconsider its

October 21, 2011 Order [23], striking Plaintiff's First Amended Complaint [20]

and dismissing Plaintiff's original Complaint [1] for failure to state a claim

upon which relief may be granted.  Under the Local Rules of this Court,

"[m]otions for reconsideration shall not be filed as a matter of routine

practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa.

Such absolute necessity arises where there is "(1) newly discovered evidence;

(2) an intervening development or change in controlling law; or (3) a need to

correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256,

1258-59 (N.D. Ga. 2003).  A motion for reconsideration may not be used "to

present the court with arguments already heard and dismissed or to repackage

familiar arguments to test whether the court will change its mind." Id. at 1259.

Nor may it be used "to offer new legal theories or evidence that could have

been presented in conjunction with the previously filed motion or response,

unless a reason is given for failing to raise the issue at an earlier stage in the

litigation." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D.

Ga. 2001).  Finally, "[a] motion for reconsideration is not an opportunity for the

moving party . . . to instruct the court on how the court 'could have done it

better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S.

Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d

1242 (11th Cir. 1996).

The Court finds that the two motions currently before the Court are

motions for reconsideration in name only and must be denied.  Neither

2

AO 72A
(Rev.8/82)

"motion" contains a single argument as to why the Court should reconsider its previous Order [23]. Plaintiff does not argue that there has been newly discovered evidence, an intervening change in controlling law, or that the Court's prior Order was tainted by a clear error of law or fact. On the contrary, both of Plaintiff's "motions" look like quintessential shotgun pleadings (and a repackaging of Plaintiff's original Complaint)–setting forth rambling, conclusory, and largely incomprehensible allegations and assertions in an apparent effort to state a claim for relief under any legal provision Plaintiff can think of. This is plainly not a proper use of the motion for reconsideration. Accordingly, because the Plaintiff has failed to show any basis on which the Court should reconsider its earlier Order [23], Plaintiffs Motions for Reconsideration ([25] & [26]) are **DENIED**.

## Conclusion

In accordance with the foregoing, Plaintiffs Motions for Reconsideration ([25] & [26]) are hereby **DENIED**.

AO 72A
(Rev.8/82)

**SO ORDERED**, this  5th  day of June, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

4